UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REUBEN D. CISNEROS (#552984)

VERSUS                                           CIVIL ACTION

ROBERT HENDERSON, ET AL                          NUMBER 11-581-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 1, 2011.

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RUBEN D. CISNEROS (#552984)

VERSUS                                               CIVIL ACTION

ROBERT HENDERSON, ET AL                              NUMBER 11-581-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Ruben D. Cisneros.

### State Court Procedural History

Petitioner was found guilty of one count possession of cocaine in an amount greater than 400 grams in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana in May 2009. Petitioner was sentenced to 30 years imprisonment at hard labor, 15 years to be served without benefit of parole, probation or suspension of sentence.

On direct appeal the petitioner asserted the following assignments of error:

1. the trial court erred in allowing the introduction of other crimes evidence;

2. there was insufficient evidence to support his conviction;

3. the trial court erred in denying his motion to suppress on the ground that his Fourth Amendment rights were violated by the investigatory stop;

4.  the trial court erred in denying his motion for new trial; and,

5.  he received an excessive sentence.

The First Circuit Court of Appeal affirmed the petitioner's conviction and sentence. *State of Louisiana v. Ruben Dario Cisnero*, 2010-0138 (La. App. 1st Cir. 9/10/10) (unpublished opinion). Petitioner sought supervisory review by the Louisiana Supreme Court. The Louisiana Supreme Court denied review. *State of Louisiana v. Ruben Dario Cisneros*, 2010-2330 (La. 2/25/11), 57 So.3d 1031.

Petitioner did not seek post-conviction relief.

**Federal Habeas Corpus Application**

Petitioner signed his federal habeas corpus application on August 17, 2011, and it was filed on August 22, 2011.

Petitioner raised the following grounds for relief:

1.  his Fourth Amendment rights were violated by the investigatory stop;

2.  the trial court erred in denying his motion to suppress evidence; and,

3.  the trial court erred in denying his motion for new trial.

**Applicable Law and Analysis**

No evidentiary hearing is required. Petitioner has exhausted his state court remedies.

**Grounds 1, 2 and 3: Search and Seizure**

In his first and second grounds for relief, the petitioner

argued that he was subjected to an unlawful traffic stop, an illegal search of his vehicle, and seizure of cocaine found in the vehicle, all in violation of the Fourth Amendment.  Petitioner argued that the trial court erred in denying his motion to suppress evidence.  In his third ground for relief, the petitioner argued that the trial court erred in denying his motion for new trial on grounds that the traffic stop was unlawful and the trial court erred in denying the motion to suppress evidence.

Fourth Amendment violations are generally not cognizable on federal habeas review.  *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037 (1976).  In *Stone* the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial."  *Id*. at 494, 96 S.Ct. at 3052.  The Fifth Circuit has interpreted an "opportunity for full and fair litigation" to mean just that: "an opportunity."  *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978).  "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes."  *Id*.

Petitioner had an opportunity to raise his unlawful search and seizure claim in a pre-trial motion to suppress evidence, and he

did so. *See* LSA-C.Cr.P. Art. 703. Because the petitioner had an opportunity for a full and fair hearing on his Fourth Amendment claims in state court, *Stone* forecloses review of those claims in a federal habeas proceeding. And because the petitioner's third ground for relief is premised on the denial of his motion to suppress the evidence seized in the search of his vehicle, it too is foreclosed by *Stone*.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the petition of Ruben D. Cisneros for habeas corpus relief be denied.

Baton Rouge, Louisiana, November 1, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE